IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACURA PHARMACEUTICALS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| WATSON LABORATORIES, INC. – FLORIDA, | ) |
| WATSON PHARMACEUTICALS, INC., and | ) |
| WATSON PHARMA, INC. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Acura Pharmaceuticals, Inc. ("Acura") files this Complaint for patent infringement against Watson Laboratories, Inc. — Florida ("Watson Laboratories"), Watson Pharmaceuticals, Inc. ("Watson Pharmaceuticals"), and Watson Pharma, Inc. ("Watson Pharma") under 35 U.S.C. § 271(e)(2). This patent action concerns the pharmaceutical drug product Oxecta®. Plaintiff, Acura, hereby states as follows:

## JURISDICTION AND PARTIES

1.      Plaintiff Acura is a New York corporation that has its corporate offices and principal place of business at 616 N. North Court, Suite 120, Palatine, Illinois 60067. Acura is engaged in the business of research, development, and manufacture of pharmaceutical products in the United States. Acura is the current owner of United States Patent No. 7,510,726 ("the '726 patent").

2.      On information and belief, Watson Laboratories is a corporation organized and existing under the laws of the State of Florida, having its principal place of business at 4955 Orange Drive, Davie, Florida 33314, and with a mailing address of 311 Bonnie Circle, Corona, California 92880. On information and belief, Watson Laboratories is a pharmaceutical company

that formulates, manufactures, packages, and markets generic drug products for distribution in the District of Delaware and throughout the United States.

3. On information and belief, Watson Laboratories was formerly known as Andrx Pharmaceuticals, Inc. On information and belief, Watson Laboratories is a wholly-owned subsidiary of Andrx Corp., a Delaware corporation that is a wholly-owned subsidiary of Watson Pharmaceuticals.

4. On information and belief, Watson Pharmaceuticals is a corporation organized and existing under the laws of the State of Nevada, having a principle place of business at 400 Interpace Parkway, Parsippany, NJ 07054. On information and belief, Watson Pharmaceuticals is in the business of, among other things, developing, manufacturing, and selling generic copies of branded pharmaceutical products for the U.S. market though various directly or indirectly owned operating subsidiaries, including Watson Laboratories and Watson Pharma.

5. On information and belief, Watson Pharma is a corporation organized and existing under the laws of the State of Delaware, having a principle place of business at 360 Mount Kemble Avenue, Morristown, New Jersey 07962. On information and belief, Watson Pharma is a wholly-owned subsidiary of Watson Pharmaceuticals. On information and belief, Watson Pharma distributes pharmaceutical products throughout the United States including in this judicial district and is the distributor of drugs that Watson Laboratories manufactures or for which Watson Laboratories is the named applicant on approved ANDAs. On information and belief, Watson Pharma is registered with the Delaware Board of Pharmacy as a licensed "Distributor/Manufacturer CSR" (License No. DS0503) and "Pharmacy-Wholesale" (License No. A4-0000267) pursuant to DEL. CODE ANN. tit. 24 § 2540 (West 2012).

6.      This court has personal jurisdiction over Watson Laboratories, Watson Pharmaceuticals, and Watson Pharma because they have purposely availed themselves of the benefits and protections of Delaware's laws such that they should reasonably anticipate being haled into court here.  On information and belief, Watson Laboratories, Watson Pharmaceuticals, and Watson Pharma have had persistent, systematic, and continuous contacts with Delaware, DEL. CODE ANN. tit. 10 § 3104(c)(4) (West 2012), as set forth below, and for other reasons that will be presented to the court if jurisdiction is challenged.

7.      On information and belief, Watson Laboratories, Watson Pharmaceuticals, and Watson Pharma are agents of each other and/or work in concert with each other and/or other direct and indirect subsidiaries of Watson Pharmaceuticals with respect to the development, regulatory approval, marketing, sale, and distribution of generic pharmaceutical products that are manufactured by Watson Laboratories or for which Watson Laboratories is the named applicant on approved ANDAs throughout the United States, including this district.  For instance, by letter dated September 18, 2012, Watson Laboratories directed Acura to send any correspondence or requests for confidential access concerning ANDA No. 20-4064 to its "in-house counsel," Mr. G. Michael Bryner, who is registered with the U.S. Patent and Trademark Office as an attorney employed by Watson Pharmaceuticals.

8.      On information and belief, Watson Laboratories earns revenue from the distribution in Delaware by Watson Pharma of generic pharmaceutical products that are manufactured by Watson Laboratories or for which Watson Laboratories is the named applicant on approved ANDAs.

9.      On information and belief, neither Watson Laboratories nor Watson Pharma maintain an independent website; instead, Watson Pharmaceuticals maintains a single

website for all Watson entities. Watson Pharmaceuticals' website provides links to its AndaNet, AndaCSOS, and AndaConnect product-ordering systems. Upon information and belief, physicians and pharmacies located in Delaware directly order products, including products manufactured by Watson Laboratories and products for which Watson Laboratories is the named ANDA applicant, through the ANDA ordering systems accessible via Watson Pharmaceuticals' website.

10. On information and belief, Watson Laboratories, Watson Pharmaceuticals, and Watson Pharma have purposely availed themselves of Delaware courts by, *inter alia*, filing counterclaims in *Abbott Labs. v. Teva Pharm. Indus., Ltd.*, Civil Action No. 1:10-cv-00057-SLR-MPT (consolidated) (D. Del. Apr. 14, 2011); *Takeda Pharms. Co. v. Watson Labs., Inc.*, Civil Action No. 1:09-cv-00917-SLR (D. Del. Dec. 23, 2009); and *Allergan, Inc. v. Watson Pharms., Inc.*, Civil Action No. 1:09-cv-00511-GMS (D. Del. Aug. 24, 2009).

11. On information and belief, Watson Laboratories has also purposely availed itself of Delaware courts by, *inter alia*, joining as plaintiff with other parties filing a complaint for patent infringement in *Shionogi Pharma, Inc. v. Mylan Inc.*, Civil Action No. 1:10-cv-00135-RBK (D. Del. Feb. 18, 2010) and *Sciele Pharma, Inc. v. Lupin Ltd.*, Civil Action No. 1:09-cv-00037-JJF (D. Del. Jan. 15, 2009).

12. This patent infringement action arises under the United States Patent Laws, Title 35 U.S.C. § 100 *et seq.*, including 35 U.S.C. § 271(e)(2). This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I FOR PATENT INFRINGEMENT
### (Infringement of the '726 Patent Under 35 U.S.C. § 271(e)(2))

13. Acura realleges and incorporates by reference paragraphs 1-12.

14.     The '726 patent, entitled "Methods and Compositions for Deterring Abuse of Opioid Containing Dosage Forms," was duly and legally issued to Acura by the United States Patent and Trademark Office ("USPTO") on March 31, 2009. The patent claims, *inter alia*, abuse deterrent dosage forms of oxycodone. The '726 patent expires on March 16, 2025. This expiration date results from a terminal disclaimer corresponding to the expiration date of the U.S. Patent No. 7,201,920, granted by the USPTO pursuant to 35 U.S.C. § 253. A true and correct copy of the '726 patent is attached as Exhibit A. A true and correct copy of the terminal disclaimer is attached as Exhibit B. Since its date of issue, Acura has been, and continues to be, the owner of the '726 patent.

15.     On June 17, 2011, the United States Food and Drug Administration ("FDA") approved New Drug Application ("NDA") No. 20-2080 for the use of Oxecta® for the management of acute and chronic moderate to severe pain where the use of an opioid analgesic is appropriate. The Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book") lists the '726 patent for NDA No. 20-2080.

16.     On information and belief, Watson Pharmaceuticals, Watson Pharma, and/or Watson Laboratories filed or caused to be filed with the FDA ANDA No. 20-4064 under 21 U.S.C. § 355(j) to obtain approval for the commercial manufacture, use, and sale of oxycodone hydrochloride tablets, 5 mg and 7.5 mg ("Oxycodone HCl Tablets"), in the United States before the expiration of the '726 patent.

17.     On information and belief, ANDA No. 20-4064 contains a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (a "Paragraph IV certification"), alleging that the claims of the '726 patent are either invalid or will not be infringed by Defendants' Oxycodone HCl Tablets.

18.     Watson Pharmaceuticals, Watson Pharma, and/or Watson Laboratories sent or caused to be sent to Acura a letter ("Notice Letter") dated September 18, 2012, notifying Acura that Defendants filed ANDA No. 20-4064 and providing information pursuant to 21 U.S.C. § 355(j)(2)(B)(ii). The Notice Letter alleges noninfringement of all valid and enforceable claims of the '726 patent. Although required to provide specific allegations of invalidity, the Notice Letter failed to do so and instead generically stated that the '726 patent is invalid.

19.     Under 35 U.S.C. § 271(e)(2)(A), Defendants' submission of ANDA No. 20-4064 to the FDA to obtain approval for the commercial manufacture, use, or sale of Oxycodone HCl Tablets in the United States before the expiration date of the '726 patent constitutes an act of infringement. If ANDA No. 20-4064 is approved by the FDA, Defendants' commercial manufacture, use, sale, or offer to sell in, or importation into the United States of their Oxycodone HCl Tablets would infringe, either literally or under the doctrine of equivalents, one or more claims of the '726 patent under 35 U.S.C. § 271.

20.     On information and belief, Defendants have knowledge of the '726 patent and have filed ANDA No. 20-4064 seeking authorization to commercially manufacture, use, offer for sale, and sell their Oxycodone HCl Tablets in the United States. On information and belief, Defendants know and intend that physicians, health care providers, and/or patients will use Defendants' Oxycodone HCl Tablets in accordance with the indications sought by Defendants, and will therefore infringe, either literally or under the doctrine of equivalents, one or more claims of the '726 patent under 35 U.S.C. § 271(b).

21.     Acura will be substantially and irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court. Acura has no adequate remedy at law.

## COUNT II FOR DECLARATORY JUDGMENT
### (Declaratory Judgment of Patent Infringement of the '726 Patent Under 35 U.S.C. § 271(a) and/or (b))

22. Acura realleges and incorporates by reference paragraphs 1-21.

23. This declaratory judgment claim arises under the United States Patent Laws, 35 U.S.C. § 100 et seq., including 35 U.S.C. § 271(a) and (b), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

24. On information and belief, Watson Pharmaceuticals, Watson Pharma, and/or Watson Laboratories filed or caused to be filed with the FDA ANDA No. 20-4064 under 21 U.S.C. § 355(j) to obtain approval for the commercial manufacture, use, and sale of their Oxycodone HCl Tablets in the United States before the expiration of the '726 patent.

25. On information and belief, if the FDA approves ANDA No. 20-4064, Defendants and/or their agents plan to begin marketing, selling, and offering to sell Defendants' Oxycodone HCl Tablets in the United States immediately or soon after receiving FDA approval for the indication(s) sought in ANDA No. 20-4064. Such conduct will constitute infringement, either literally or under the doctrine of equivalents, of one or more claims of the '726 patent under 35 U.S.C. § 271(a) and/or (b).

26. On information and belief, Defendants have knowledge of the '726 patent and have filed ANDA No. 20-4064 seeking authorization to commercially manufacture, use, offer for sale, and sell their Oxycodone HCl Tablets in the United States. On information and belief, Defendants know and intend that physicians, health care providers, and/or patients will use their Oxycodone HCl Tablets in accordance with the indications sought by Defendants, and will therefore infringe, either literally or under the doctrine of equivalents, one or more claims of the '726 patent under 35 U.S.C. § 271(b).

-7-

27.     As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Acura and Defendants as to liability for the infringement of the '726 patent.   Defendants' actions have created in Acura a reasonable apprehension of irreparable harm and loss resulting from Watson Laboratories', Watson Pharmaceuticals', and Watson Pharma's threatened imminent actions.

### PRAYER FOR RELIEF

WHEREFORE, Acura respectfully requests that this Court enter judgment in its favor as follows:

a)      declare that United States Patent No. 7,510,726 is valid and enforceable;

b)      declare that, under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed the '726 patent by submitting ANDA No. 20-4064 to the FDA to obtain approval to commercially manufacture, use, sell, or offer for sale in, or import into the United States Oxycodone HCl Tablets prior to the expiration of said patent;

c)      declare that Defendants' commercial manufacture, use, sale, or offer for sale in, or importation into the United States of Oxycodone HCl Tablets prior to the expiration of the '726 patent would constitute infringement of said patent under 35 U.S.C. § 271(a) and/or (b) as set forth above and in violation of Acura's patent rights;

d)      order that the effective date of any FDA approval of Defendants' Oxycodone HCl Tablets shall be no earlier than the expiration date of the '726 patent and any additional periods of exclusivity, in accordance with 35 U.S.C. § 271(e)(4)(A);

e)      enjoin Defendants and all persons acting in concert with Defendants from seeking, obtaining, or maintaining approval of ANDA No. 20-4064 until the expiration of the '726 patent;

f)      enjoin Defendants and all persons acting in concert with Defendants from commercially manufacturing, using, offering for sale, or selling Defendants' Oxycodone HCl Tablets within the United States, or importing Defendants' Oxycodone HCl Tablets into the United States, until the expiration of the '726 patent, in accordance with 35 U.S.C. § 271(e)(4)(B); and

g)      grant Acura such further and additional relief that this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899\
(302) 358-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiff*

OF COUNSEL:

Charles E. Lipsey
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675
(571) 203-2700

Howard W. Levine
Sanya Sukduang
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC  20001-4413
(202) 408-4000

October 31, 2012